IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRACEY R.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 6:19-cv-01949-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Tracey R. was denied Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. She appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by improperly discrediting her subjective symptom testimony and erred at Step Five of the sequential analysis. Because the Commissioner of Social Security's ("Commissioner") decision did not follow proper legal standards, the Commissioner's decision is REVERSED and REMANDED.

## STANDARD OF REVIEW

    The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Id.*; *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: back/spinal disorder, carpal tunnel syndrome, depressive/bipolar disorder, anxiety, and trauma/stressor related disorder. Tr. 15.[2] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listing of Impairments. Tr. 16. The ALJ assigned Plaintiff the following RFC:

> [T]he claimant . . . [can] perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ladders, ropes, and scaffolds. The claimant can occasionally stoop and crawl. She can frequent, but not constantly handle with the

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

>left, non-dominant upper extremity, and occasionally reach overhead with the left, non-dominant upper extremity. The claimant can perform *simple, routine tasks*, and can tolerate occasional contact with the general public and with coworkers.

Tr. 17 (emphasis added). Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 21–22. The ALJ thus determined that Plaintiff was not disabled. Tr. 22.

### I. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. An ALJ may reject testimony about the severity of a claimant's symptoms only by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," including:

>(1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff alleged disability because of mental health concerns. Tr. 69. Plaintiff discussed her fear of leaving the house based on her anxiety. Tr. 57. Plaintiff attended mental health counseling and took medication to help control her mania. Tr. 52. Plaintiff testified that her anxiety kept her from sleeping regularly, which would then lead to Plaintiff struggling to get out of bed.

Tr. 56–57. Plaintiff only shopped for groceries once a month. Tr. 57. Plaintiff also did not drive regularly. Tr. 44.

The ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. While the ALJ found that "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations," Plaintiff argues that ALJ incorrectly assessed the medical record. Pl.'s Br. 9, ECF No. 19 (quoting tr. 18). Plaintiff contends that the record shows "persistent, waxing, and waning mental symptoms with no sustained improvement despite treatment." *Id.*

But the Court disagrees because the ALJ gave "specific, clear and convincing reasons" for rejecting Plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1036. The ALJ did focus heavily on objective medical findings that failed to support Plaintiff's disability allegations. Tr. 18. This included mental status examinations where Plaintiff displayed stable mood and mental functioning. Tr. 457–58, 934, 941, 948, 955, 962. The ALJ's decision also noted that Plaintiff's mental status improved because of medication. Tr. 19–20. For example, at various times Plaintiff self-reported improvement because of medication and medical providers also noted improvement. Tr. 459, 610, 509–33, 934, 941, 948, 955, 962. And despite Plaintiff's claims that the ALJ only relied on the medical record, that is not entirely accurate because the ALJ also focused on Plaintiff's daily activities. Tr. 20. The ALJ noted that Plaintiff gardened, went to the gym, and regularly took her dog for walks. Tr. 20 (citing tr. 637, 945, 959).

Ultimately, the ALJ justified its decision to reject Plaintiff's subjective symptom testimony by thoroughly considering and citing the record. *See* tr. 18–21. And "the [C]ourt will uphold the ALJ's conclusion [even] when the evidence is susceptible to more than one rational interpretation." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). In turn, because the ALJ "identif[ied] what testimony [was] not credible and what evidence undermin[ed Plaintiff's] complaints," the Court finds that the ALJ did not err in rejecting Plaintiff's symptom testimony. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotation marks and citation omitted).

## II. The ALJ's Step Five Findings

Plaintiff argues that the ALJ failed to properly "account for [Plaintiff's] mental limitations in the hypothetical posed to the [VE] and [RFC] finding, resulting in error at step five of the sequential analysis." Pl.'s Br. 5. The Court agrees. "At Step Five, 'the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [claimant's] identified limitations.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). And when evaluating a claimant's RFC, the ALJ must account for all of claimant's restrictions. 20 C.F.R. § 419.945.

The ALJ assigned Plaintiff an RFC of "light work" with multiple physical restrictions and a finding that "claimant can perform *simple, routine tasks*." Tr. 17 (emphasis added). The ALJ also posed a hypothetical to the VE with a limitation of "simple, routine tasks." Tr. 62–63. In response, the VE responded that a hypothetical claimant with the limitations raised by the ALJ could work as either a production assembler, hand packager, or electronic bench worker. Tr. 63–64. These three jobs require Reasoning Level Two, so the employee must "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Dictionary of

Occupational Titles ("DOT") (4th ed. 1991) App. C, § III, 1991 WL 688702. The ALJ adopted the VE's testimony and found at step five that Plaintiff was capable performing the three jobs identified by the VE. Tr. 22.

The problem with the ALJ's conclusion is that it went against the opinions of Winifred Ju, PhD, and Scott Kaper, PhD, state agency psychological consultants. The ALJ held that Dr. Ju's and Dr. Kaper's opinions were entitled to "full weight." Tr. 20. Dr. Ju's opinion was that Plaintiff could understand, remember, and carry out one to two step instructions or tasks. Tr. 78. Dr. Kaper came to the same conclusion in May 2017. Tr. 98–99. Yet despite assigning full weight to the state agency psychological consultants' opinions, the ALJ did not assign Plaintiff an RFC limitation of "one to two step tasks," and instead assigned her a limitation of "simple, routine tasks." *See* tr. 17.

If Dr. Ju's and Dr. Kaper's opinions were assigned full weight, Plaintiff should have been assigned jobs and an RFC with Level One Reasoning, which requires "commonsense understanding to carry out simple *one or two step instructions*." DOT, App. C, § III, 1991 WL 688702 (emphasis added). In *Rounds*, a comparable situation arose when the claimant argued the ALJ erred by assigning the claimant jobs with Level Two Reasoning, even though the *Rounds* claimant could only perform "one to two step tasks." 807 F.3d at 1003. The *Rounds* court remanded "[b]ecause the ALJ did not recognize the apparent conflict between [claimant's] RFC and the demands of Level Two reasoning." *Id.* at 1004 (citations and quotation omitted).

Similarly, the ALJ's failure to recognize and reconcile the conflict between the accepted examining medical opinions and Plaintiff's proposed jobs requiring Level Two Reasoning is not harmless. Dr. Ju and Dr. Kaper limited Plaintiff to jobs which only required "one to two step tasks," which would have been jobs with Level One Reasoning. *See* tr. 62–63, 98–99. The ALJ then assigned these opinions full weight yet did not adhere to their noted limitations, instead assigning

an RFC and jobs to Plaintiff that were beyond her reasoning capabilities. Tr. 20 Further, "[t]here is no explanation in the record as to why" Plaintiff could have performed jobs beyond the opined limitations from Dr. Ju and Dr. Kaper. *Rounds*, 807 F.3d at 1004. On remand, the ALJ needs to address the conflict between Plaintiff's assigned jobs, Plaintiff's RFC, and the limitations noted by Dr. Ju and Dr. Kaper. In the alternative, on remand the ALJ can identify jobs with Level One Reasoning that are suitable for Plaintiff.

Because "[t]his Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision," the ALJ erred here at step five. *Id.* (citations and quotation omitted).

## CONCLUSION

For these reasons, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 30th day of March, 2021.

                                                   _s/Michael J. McShane_____
                                                   Michael J. McShane
                                                   United States District Judge